# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CORNELIUS LORENZO WILSON (#356241)**     **CIVIL ACTION NO.**

**VERSUS**                                                                              **22-677-JWD-SDJ**

**STATE OF LOUISIANA, ET AL.**

## RULING

Before the Court is a document filed by the Plaintiff Cornelius Lorenzo Wilson ("Wilson") entitled "Writ for Preliminary Injunction and Show Imminent Injury and Danger,"[1] which the Court interprets as challenging this Court's determination that Wilson is not entitled to proceed as a pauper in this matter.[2] This Court previously found that Wilson is barred from proceeding as a pauper in this matter pursuant to 28 U.S.C. § 1915(g) because he has, on three or more prior occasions while incarcerated, brought actions or appeals in a federal district court that have been dismissed as frivolous, malicious, or for failure to state a claim.[3] This Court also previously found, based on the allegations of the Complaint, that Wilson was not in imminent danger of serious physical injury, so as to qualify for the imminent danger exception of 28 U.S.C. § 1915(g).[4] The Motion before the Court seeks to challenge that determination.[5]

---

[1] R. Doc. 8.
[2] R. Doc. 3.
[3] R. Doc. 3.
[4] R. Doc. 3.
[5] Wilson also seems to challenge the fact that he has three strikes at all based upon the facts that in one case in which he earned a strike, *Wilson v. Dabadie*, No. 17-578 (M.D. La.), he recently filed Motions seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b). A review of that case reveals that those Motions have been denied. To the extent Wilson alleges some type of conspiracy to not file these Motions, that is refuted by the face of the record in No. 17-578, as the Motions were filed. Wilson has accumulated more than three strikes: *Wilson v. Williams, et al.*, Civil Action No. 14-582 (M.D. La.), *Wilson v. Moore, et al.*, Civil Action No. 15-52 (M.D. La.), *Wilson v. Dabadie, Jr., et al.*, Civil Action No. 17-578 (M.D. La.) and *Wilson v. Marabella, et al.*, Civil Action No. 19-128 (M.D. La). *See also Wilson v. Brock*, No. 19-241 (M.D. La.) (recognizing that Plaintiff had accumulated three strikes and denying his request to proceed *in forma pauperis*).

The Court previously explained to Wilson the standard for imminent danger.[6] In challenging the Court's ruling that he is not in imminent danger, Wilson now makes allegations of general guard brutality,[7] general interference with court matters,[8] and conspiracy involving devices used by the FBI that "goes through walls."[9] Wilson also discusses a patent he allegedly held, an idea to go to Bill Gates to support the idea, a mind control device that is used by prison officials, and involuntary servitude.[10] After these largely incoherent ramblings, Wilson mentions that he has been attacked in the past by at least one inmate who had a knife.[11] Then Wilson returns to largely illogical ramblings regarding sovereigns and creditors.[12] Finally, he notes that the Louisiana State Penitentiary is "full of killers."[13]

None of these facts demonstrate that Wilson is in imminent danger of serious physical injury so as to allow him to proceed as a pauper in this matter. The few allegations that appear to implicate Wilson's safety at all are related to past harms, which, as explained before, "do not provide a basis to avoid application of the three-strikes rule."[14] Further, the fact that LSP is "full of killers" does not demonstrate that Wilson is in imminent danger of serious physical injury.[15] Accordingly,

**IT IS ORDERED** that the "Writ for Preliminary Injunction and Show Imminent Injury and Danger,"[16] is **DENIED**.

---

[6] R. Doc. 3.
[7] R. Doc. 8, p. 2.
[8] R. Doc. 8, p. 3.
[9] R. Doc. 8, p. 4.
[10] R. Doc. 8, pp. 4-8.
[11] R. Doc. 8, p. 8.
[12] R. Doc. 8, pp. 8-9.
[13] R. Doc. 8, p. 9.
[14] R. Doc. 3, p. 2.
[15] The possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger. *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").
[16] R. Doc. 8.

**IT IS FURTHER ORDERED** that Plaintiff Cornelius Lorenzo Wilson shall pay the full filing fee of $402.00 by no later than **April 3, 2023**, as ordered in R. Doc. 7.  **Failure to timely pay the fee shall result in dismissal of this action without further notice—no further extensions of time will be granted**.

Signed in Baton Rouge, Louisiana, on <u>March 17, 2023</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**